UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMSCHEL ROTHSCHILD EL, Moorish American National, Sui Juris, formerly known as Kondwani Saeed Davis, formerly known as Amschel Mayer James Rothschild, II,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>SOUND EXCHANGE, INC., a District of Columbia non-profit corporation,<br><br>　　　　　　　　Defendant. | CASE NO. 2:25-cv-01798-TL<br><br>ORDER ON EXTRANEOUS FILINGS |

On December 1, 2025, Plaintiff filed seven submissions on the docket. Dkt. Nos. 22–28. Two of these are motions (Dkt. Nos. 22, 23), while the rest are characterized as notices (Dkt. Nos. 24–28). Having reviewed the filings, the Court STRIKES them as either prematurely or unnecessarily filed, as explained below.

## I. DISCUSSION

At present, there is no operative pleading in this case. Plaintiff's original complaint (Dkt. No. 4) did not survive review under 28 U.S.C. § 1915(e)(2)(B)(ii), which mandates that the Court "dismiss [an *in forma pauperis* ('IFP')] case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." *See* Dkt. No. 15 (order of dismissal); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("It is . . . clear that section 1915(e) . . . requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). After the Court dismissed Plaintiff's complaint, Plaintiff requested reconsideration (Dkt. No. 17), which the Court denied (Dkt. No. 19).

On November 10, 2025, Plaintiff filed a first amended complaint ("FAC"). Dkt. No. 18. Three days later, on November 13, 2025, Plaintiff filed a motion for leave to file a second amended complaint ("SAC") (Dkt. No. 20), along with a proposed SAC (Dkt. No. 20-1). Before the Court, then, are: (1) a FAC that must be reviewed under Section 1915(e)(2)(B)(ii), which governs the Court's screening of IFP pleadings; (2) a motion for leave to amend, which must be reviewed under Federal Rule of Civil Procedure 15(a), which governs amended pleadings; and (3) a SAC, which, like the FAC, must ultimately be reviewed under Section 1915(e)(2)(B)(ii).

A district court maintains "the authority 'to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases.'" *Cahill v. Insider Inc.*, 131 F.4th 933, 938 (9th Cir. 2025) (quoting *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016)) (alteration in original). As both the FAC and SAC are, functionally, proposed IFP complaints that cannot become operative pleadings without the Court's approval, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), the Court construes the SAC as having superseded the FAC, thus rendering moot any pending Section 1915 review of the FAC. And because the Court's review of the proposed SAC under Section 1915 is a more rigorous test than the Court's review of it as a proposed amended

pleading under Rule 15(a), the Court will subject the proposed SAC to review under Section 1915(e)(2)(B)(ii) only and forgo a Rule 15 analysis. *See Aldan v. World Corp.*, 267 F.R.D. 346, 360–61 (D. N. Mar. I. 2010) (noting that "although the Ninth Circuit . . . in the past recognized the symmetry between the 'futility' standard under Rule 15(a) and the pre-*Iqbal* dismissal standard under Rule 12(b)(6), the Ninth Circuit . . . has not . . . expressly recognized a continuing symmetry between the Rule 15(a) 'futility' standard and the Rule 12(b)(6) standard as the latter standard was reformulated in *Iqbal*").

Until such review of the SAC occurs, however, there remains no operative pleading in this case. Therefore, Plaintiff's motions (Dkt. Nos. 23, 24) are premature, and Plaintiff's notices (Dkt. Nos. 24–28) are superfluous to the proceedings. Accordingly, the Court STRIKES the motions, with leave to refile, if appropriate. The Court also STRIKES the notices, but cautions Plaintiff that materials that supplement a pleading or motion must be attached to the relevant pleading or motion, then filed altogether *as a single document*. *See* Dkt. No. 15 at 6 (advising Plaintiff that any documentation supporting his amended complaint must be filed with the amended complaint as a single document). Materials that do not directly support or supplement a pleading or motion should not be filed on the docket.

//
//
//
//
//
//
//
//

## II. CONCLUSION

Therefore, it is hereby ORDERED:

(1) Plaintiff's motion to compel issuance of summons and to restore adversarial process (Dkt. No. 22) is STRICKEN.

(2) Plaintiff's motion to stay (Dkt. No. 23) is STRICKEN.

(3) Plaintiff's notices (Dkt. Nos. 24, 25, 26, 27, 28) are STRICKEN.

Dated this 5th day of December, 2025.

Tana Lin
United States District Judge