UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMSCHEL ROTHSCHILD EL, Moorish American National, Sui Juris, formerly known as Kondwani Saeed Davis, formerly known as Amschel Mayer James Rothschild, II, | CASE NO. 2:25-cv-01798-TL |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| SOUNDEXCHANGE, INC., a District of Columbia nonprofit corporation, | |
| Defendant. | |

This matter is before the Court on the Court's review of the sufficiency of Plaintiff's Third Amended Complaint ("TAC") (Dkt. No. 38) under 28 U.S.C. § 1915(e)(2)(B). Having reviewed the TAC, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court DISMISSES the complaint. Further, because Plaintiff has failed to plead a viable complaint despite having been given multiple opportunities to do so, the Court DISMISSES this case WITHOUT PREJUDICE.

ORDER OF DISMISSAL – 1

## I.   BACKGROUND

This is the Court's third time addressing various complaints filed by Plaintiff, proceeding pro se and *in forma pauperis* ("IFP"), in his attempt to bring claims against Defendant that relate to royalty funds that Plaintiff asserts are attributable to his sound recordings.[1] On September 18, 2025, Plaintiff's original Complaint (Dkt. No. 4) was filed on the docket after the Court granted his IFP application. Dkt. No. 3. On November 7, 2025, the Court dismissed the original Complaint, explaining the deficiencies of each count pleaded in the Complaint and affording Plaintiff an opportunity to amend the pleading. *See* Dkt. No. 15 (Order of Dismissal) at 4–6. On November 10, 2025, Plaintiff filed an Amended Complaint (Dkt. No. 18), followed three days later by a motion (Dkt. No. 20) for leave to file yet another amended complaint (Dkt. No. 20-1).[2] On December 10, 2025, the Court reviewed Plaintiff's proposed Second Amended Complaint ("SAC") (Dkt. No. 20-1) under 28 U.S.C. § 1915(e)(2)(B)(ii). Dkt. No. 30 (Order on Section 1915(e) Review). The Court found that Plaintiff had failed to state a claim upon which relief could be granted and dismissed the proposed SAC after again explaining the deficiencies with each claim. *See id.* at 3–4; *see also* Dkt. No. 29 (Order on Extraneous Filings) (explaining that Court would subject the proposed SAC (Dkt. No. 20-1) to Section 1915(e) review and forego an analysis of Plaintiff's motion for leave to amend (Dkt. No. 20) under Federal Rule of Civil Procedure 15). Upon dismissing the proposed SAC, the Court advised Plaintiff that it would provide him with one final opportunity to plead a complaint that stated a plausible claim for

---

[1] Plaintiff has filed a total of five complaints in this case. *See* Dkt. Nos. 4, 18, 20-1, 37, 38.

[2] Plaintiff titled the new, proposed complaint a "First Amended Complaint." Dkt. No. 20-1. However, as Plaintiff already had filed an amended complaint, the Court addressed it in its order as the *Second* Amended Complaint. Because "an amended pleading supersedes the pleading it modifies and becomes the operative complaint," with "the original pleading no longer perform[ing] any function in the case," the Court disregarded the first amended complaint (Dkt. No. 18) and only addressed the complaint filed on November 13, 2025. *Falck N. Cal. Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 765 (9th Cir. 2022).

ORDER OF DISMISSAL – 2

relief. Dkt. No. 30 at 3–4. The Court stated that Plaintiff's next pleading would be his last opportunity to file a viable complaint, and that if he failed to do so, the Court would dismiss the case in its entirety. *See id.* On December 29, 2025, Plaintiff filed a Third Amended Complaint ("TAC"), which the Court now subjects to review under Section 1915(e).[3]

## II. LEGAL STANDARD

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if the IFP plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints . . . ."). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. C14-378, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1127).

Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). However, a plaintiff still must provide sufficient factual details in the complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[3] On December 10, 2025, Plaintiff filed a pleading that he captioned as a "Second Amended Complaint." Dkt. No. 37. On December 29, 2025, however, before the Court reviewed this so-called SAC under 28 U.S.C. § 1915(e)(2)(B), Plaintiff filed the Third Amended Complaint that is now before the Court. Dkt. No. 38. Federal Rule of Civil Procedure 15(a) only permits a plaintiff to amend a complaint once before future amendments require the Court's permission. While what Plaintiff titled his "Second Amended Complaint" (Dkt. No. 37) was properly filed in response to the Court's December 10, 2025, Order, Plaintiff did not move for permission to file the Third Amended Complaint (Dkt. No. 38). However, the Court finds it expedient to summarily grant such permission here, an efficiency that another court in this District has previously utilized when reviewing this Plaintiff's pleadings in another case under Section 1915(e). *See Rothschild El v. West*, No. C25-1774, 2025 WL 3461042, at *1 (W.D. Wash. Dec. 2, 2025). *See also supra* n.2 (an amended pleading supersedes the pleading it modifies and becomes the operative complaint). Therefore, the Court disregards the "Second Amended Complaint" and now reviews the Third Amended Complaint for sufficiency under Section 1915(e). *Falck N. Cal. Corp.*, 25 F.4th at 765.

570 (2007). To state a plausible claim for relief in federal court, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Id.*

Where a plaintiff proceeds pro se, courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not supply essential elements of the [pro se] claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see, e.g., Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("'[C]ourts should not have to serve as advocates for pro se litigants.'") (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

## III.    DISCUSSION

### A.    Plaintiff's Claims

Federal Rule of Civil Procedure 8 requires, among other things, that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff is insistent that he "brings this action **in exclusive equity**, seeking equitable relief, accounting, restitution, and injunctive relief . . . ." Dkt. No. 38 at 2. Plaintiff asserts that he "**does not invoke statutory causes of action,** seeks no statutory damages, and expressly disclaims reliance on statutory enforcement mechanisms." *Id.* Plaintiff asserts further that "[j]urisdiction is invoked pursuant to this Court's inherent equitable authority to compel accounting, prevent unjust enrichment, and remedy deprivation of property interests where records and funds are exclusively controlled by Defendants." *Id.*

ORDER OF DISMISSAL – 4

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Only Congress may determine a [district] court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). Broadly speaking, when one private actor or entity sues another, a federal district court has jurisdiction over: (1) all civil actions "arising under the Constitution, laws, or treaties of the United States" (i.e., "federal-question" jurisdiction), *see* 28 U.S.C. § 1331; or (2) civil actions for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant (i.e., "diversity" jurisdiction), *see id.* § 1332; *see also Newtok Vill. v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021) (noting "the two types of federal subject matter jurisdiction—diversity of citizenship and federal question"). Federal courts are presumed to lack subject-matter jurisdiction over a case, and the burden of showing otherwise rests upon the party asserting jurisdiction. *See Kokkonen*, 511 U.S. at 377.

When a district court applies equitable principles to a given case, it does so *while* exercising either federal-question or diversity jurisdiction. That is, Congress has not separately or specifically provided district courts with subject-matter jurisdiction that is *entirely* based upon equity. "When courts speak of equitable (or sometimes, 'equity') jurisdiction, . . . they speak of[] the power to entertain claims and award remedies that are equitable in nature." *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 874 (N.D. Cal. 2021). But "'[t]he source of substantive rights enforced by a federal court under diversity jurisdiction . . . is the law of the States.' Federal courts must therefore enforce 'State-created substantive rights if the mode of proceeding and remedy [are] consonant with the traditional body of equitable remedies, practice and procedure.'" *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 840 (9th Cir. 2020) (quoting *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 112, 106 (1945)) (citation modified). All of this is to

say that where the Court purportedly sits in diversity, the substantive law that the Court applies is derived from *state law*, not an undefined and vague set of federal equitable principles.

Here, Plaintiff does not clearly establish his basis for asserting subject-matter jurisdiction. On Plaintiff's Civil Cover Sheet (Dkt. No. 1-2), filed concurrently with the original complaint, Plaintiff marked the "Federal Question" jurisdiction box, indicating that the case arises out of the Constitution, laws, or treaties of the United States. In the TAC, however, Plaintiff expressly disavows "statutory causes of action" and "statutory enforcement mechanisms," thereby eliminating federal-question as a basis for subject-matter jurisdiction.[4] Dkt. No. 38 at 2. Plaintiff further identifies two of his causes of action as "Equitable Accounting" and "Unjust Enrichment/Restitution," both of which are matters of state law, and which suggests diversity jurisdiction.[5]

But Plaintiff's TAC does not invoke any state's law. None of Plaintiff's claims cites the law that governs it. *See* Dkt. No. 38 at 4–5. This is not the first time in this case that Plaintiff has failed to identify the law that governs his causes of actions. In dismissing two counts of Plaintiff's original complaint on this very basis, the Court advised Plaintiff that "Ninth Circuit courts have held that 'failure to allege which state law governs a common law claim is grounds for dismissal.'" Dkt. No. 15 at 4 (quoting *Romero v. Flowers Bakeries, LLC*, No. C14-5189, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016)). Similarly, and with particular relevance to

---

[4] Plaintiff's third claim against Defendant, for "Equitable Due Process Violation"—which conceivably invokes the Fifth and Fourteenth Amendments to the U.S. Constitution—is not a valid claim. "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). In other words, no "process" is "due" from one private actor to another.

[5] In addition to the discussion below, Plaintiff's TAC does not contain any facts required to establish diversity jurisdiction: i.e., that the action is for more than $75,000 or that the citizenship of Plaintiff is different from that of the Defendant. *See* 28 U.S.C. § 1332.

ORDER OF DISMISSAL – 6

the third claim in the TAC, the Court also advised Plaintiff that an allegation of a due-process violation must "specify the authority under which th[e] count is alleged." *Id.* at 5.

Plaintiff's claims are therefore deficiently pleaded, and the Court must DISMISS each of them.

**B.    Amendment**

Courts typically allow pro se plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). However, "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Here, the Court has rejected multiple pleadings as deficient. *See* Dkt. No. 15, 30. Each time, the Court explained the specific deficiencies to Plaintiff. Plaintiff's insistence on invoking inapplicable principles of equity to govern his claims demonstrates the futility of further amendment. This Order represents the Court's third Section 1915 review in this matter. Given Plaintiff's failure to apply the Court's guidance to his amended pleadings, the Court finds that providing a fourth would be unreasonable. *See Valencia Barrera v. S. Gate Police Dep't*, No. C22-8949, 2023 WL 11876986, at *3 (N.D. Cal. Mar. 10, 2023), *report and recommendation adopted sub nom. Barrera v. S. Gate Police Dep't*, 2023 WL 11876980 (Mar. 28, 2023) (recommending dismissal where, despite the court's having advised plaintiff of applicable legal standards on a prior occasion, "there [was] no indication that [plaintiff] took those standards into account in preparing his present third amended complaint (or the prior versions of it)").

## IV.    CONCLUSION

Accordingly, the Court ORDERS as follows:

(1)    Plaintiff's Third Amended Complaint (Dkt. No. 38) is DISMISSED WITHOUT PREJUDICE.

ORDER OF DISMISSAL – 7

(2)    This case is DISMISSED WITHOUT PREJUDICE.

(3)    Plaintiff's Motion to Reinstate Equity Filings and to Correct Procedural Posture (Dkt. No. 32) and Motion for Reconsideration (Dkt. No. 34) are DENIED AS MOOT.

(4)    The Clerk is DIRECTED to close the case.

Dated this 12th day of February 2026.

Tana Lin
United States District Judge

ORDER OF DISMISSAL – 8