UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMSCHEL ROTHSCHILD EL, Moorish American National, Sui Juris, formerly known as Kondwani Saeed Davis, formerly known as Amschel Mayer James Rothschild, II,<br><br>Plaintiff,<br><br>v.<br><br>SOUNDEXCHANGE, INC., a District of Columbia nonprofit corporation,<br><br>Defendants. | CASE NO. 2:25-cv-01798-TL<br><br>ORDER |

This matter is before the Court *sua sponte*. On February 12, 2026, having found that Plaintiff had failed to meet the Court's deadline to file an amended complaint (and had instead submitted "three miscellaneous filings," none of which was an amended pleading), the Court dismissed this case without prejudice (Dkt. No. 22) and entered judgment (Dkt. No. 23). The Clerk closed the case. The Court mailed copies of the Order and Judgment to Plaintiff, but on March 26, 2026, the Postal Service returned them as undeliverable. Dkt. No. 24. Some six

months later, on September 3, 2026, Plaintiff filed a notice of change of address (Dkt. No. 25), a proposed second amended complaint ("SAC") (Dkt. No. 26), and two additional motions—one captioned "Motion for Leave to File Electronically and Receive Electronic Notices (CM/ECF Access)" (Dkt. No. 27), and one captioned "Motion for Relief in Exclusive Equity & Bill of Complaint" (Dkt. No. 28).

Two rules are relevant here. First, Local Civil Rule 10(f) requires that "[a]ny attorney representing any party or any party not represented by an attorney must file a notice with the court of any change in address, telephone number or email address," and that "[s]uch notice must be received by the Clerk's Office within ten days of the change." Second, under Local Civil Rule 41(b)(2),

> If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute.

In endorsing Local Civil Rule 41(b)(2), the Ninth Circuit has held that "[a] party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Here, even if the Court had not *already dismissed* Plaintiff's case for his failure to meet the Court's deadline to file an amended complaint, his failure to timely apprise the Court of his mailing address would have provided an alternative basis for dismissal.

Therefore, the Court STRIKES the proposed SAC (Dkt. No. 26) and the two pending motions (Dkt. Nos. 27, 28). *See, e.g.*, *Winfield v. Gonzalez*, No. C23-783, 2024 WL 3877256, at *1–2 (S.D. Cal. Aug. 20, 2024) (denying reconsideration where plaintiff's submissions were "stricken from the Docket as improperly filed on the ground that this case was already closed").

Plaintiff filed his submissions some seven months after the Court closed this case; they are thus improper. The Court will not accept further submissions in this closed case.

Still, the Court notes that Plaintiff's case was dismissed *without prejudice*. *See* Dkt. No. 22 at 3. Therefore, Plaintiff may elect to re-file this matter as a new case.

Dated this 27th day of October 2026.

Tana Lin
United States District Judge